

**WADE CLARK MULCAHY LLP | ATTORNEYS**

180 Maiden Lane Suite 901   |   New York   |   NY  10038   |   212.267.1900   |   212.267.9470 Fax   |   www.wcmlaw.com

February 25, 2021

*Via ECF*

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Jose Quezada v. U.S. Wings, Inc.*
         Civil Case No.:  1:20-cv-10707

Dear Judge Ramos:

We represent Defendant U.S. Wings, Inc. ("U.S. Wings") in the above-referenced matter.  Pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules, we write to request a pre-motion conference for the purpose of establishing a briefing schedule on U.S. Wings's proposed motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for lack of standing, and for mootness pursuant to Fed. R. Civ. P. 12(b)(1).

In this lawsuit Plaintiff claims that U.S. Wings's website, www.uswings.com (the "Website"), violates the Americans with Disabilities Act (the "ADA"), the New York City Human Rights Law, and New York City Administrative Code.  (ECF No. 1 (the "Complaint".))  Plaintiff alleges that the Website does not provide "full and equal access" to Plaintiff and similarly situated persons.  *Id*. ¶ 10.  U.S. Wings's responsive pleading is currently due on March 1, 2021. (ECF No. 8.)

Plaintiff's Complaint is one of 48 nearly identical complaints that Plaintiff has filed against various defendants in this District since just December 10, 2020.  Plaintiff's Complaint is strikingly similar, with many verbatim allegations, to the complaint filed in *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 1:19-cv-1197 (KPF)(KHP), which this Court dismissed on December 18, 2020.  *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 1:19-cv-1197, at ECF No. 35.  A true and correct copy of the *Guglielmo* decision is attached as Ex. A.  The *Guglielmo* decision is significant because U.S. Wings' proposed motion to dismiss raises many of the same defenses as were raised by the defendant in that action.

### Basis of U.S. Wings's Proposed Motion to Dismiss

I.   **Plaintiff's Lack of Personal Jurisdiction.**

U.S. Wings is an Ohio corporation headquartered in Hudson, Ohio.  It has no other locations and it is not subject to either general or specific personal jurisdiction in New York.  In fact, Plaintiff alleges no facts indicating this Court

Hon. Edgardo Ramos
United States District Judge
February 25, 2021
Page 2

can exercise personal jurisdiction over U.S. Wings under any theory except to note that he accessed the Website in "New York County." (Compl. ¶ 10.) However, "'[e]ven the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York.'" *Guglielmo*, 2020 U.S. Dist. LEXIS 238707 at *23 (quoting *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18 Civ. 2897 (JPO), 2018 U.S. Dist. LEXIS 72282 (S.D.N.Y. Apr. 30, 2018)); *accord Diaz v. Kroger*, No. 18-Civ. 7953(KPF), 2019 U.S. Dist. LEXIS 93177 at *7-12 (S.D.N.Y. June 4, 2019). "[T]he fact that a plaintiff can access a defendant's website in New York, standing alone, does not constitute transacting business in the state for the purposes of New York's long-arm statute." *Guglielmo*, 2020 U.S. Dist. LEXIS 238707 at *23. A defendant's national web presence is insufficient to support jurisdiction under New York's long arm statute.

Here, the fact that U.S. Wings has no physical presence or operations in New York, and the absence of any allegation that U.S. Wings targets New York residents through its Website provides a basis for dismissal under New York law, which is clear that operation of a website that can be accessed in New York is wholly insufficient to support jurisdiction under New York's long arm statute.

## II. Plaintiff's Lack of Standing.

In actions brought under the ADA, the Second Circuit has found standing (and, therefore, an injury in fact) where a plaintiff (1) alleges past injury under the ADA, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue and (3) *shows that it is reasonable to infer that he or she intends to return to the public accommodation*. *Id.* at *10 (citing *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 154-55 (2d Cir. 2013). A plaintiff must sufficiently allege all three factors to establish standing under the ADA. *Id.*

Here, Plaintiff has not alleged facts sufficient to establish requisite standing. Plaintiff's Complaint sets forth only that Plaintiff:

> recently visited Defendant's website in December of 2020 to browse and potentially make a purchase. Despite his efforts, however, Plaintiff was denied a user experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation.
> (ECF 1 at ¶ 10.)

Upon an incredibly similar complaint, the *Guglielmo* Court granted the defendant's motion to dismiss for lack of standing upon the same grounds, finding

Hon. Edgardo Ramos
United States District Judge
February 25, 2021
Page 3

that vague allegations that the a website presented "access barriers across 'many features' and 'many pages'" without identification of the goods that were intended to be purchased of the dates of the visits, were insufficient to establish standing to bring a claim under the ADA, noting, "Courts in this Circuit have required far more from plaintiffs bringing ADA claims." (Ex. A, p. 10.)

Moreover, U.S. Wings's planned Motion to Dismiss will also demonstrate that Plaintiff's allegations are insufficient to establish the third factor for standing: a reasonable inference that Plaintiff intends to return to the Website. Plaintiff's Complaint contains identical language to the plaintiff's allegation in *Guglielmo*, specifically, Plaintiff's Complaint sets forth: the "access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing the Defendant's Website in the future." Compl. ¶ 10. *Guglielmo* held this allegation to be insufficient to establish standing in an ADA action.[1] (Ex. A, pp. 13-14.)

### III. U.S. Wings Will Establish the Complaint Should be Dismissed as Moot Under Fed. R. Civ. P. 12(b)(1).

U.S. Wings will also move to dismiss on the basis that the Complaint has been rendered moot. That is, upon receipt of Plaintiff's lawsuit, U.S. Wings took prompt steps to ensure that the Website is fully compliant with the ADA.

To that end, U.S. Wings's motion to dismiss will include a declaration attesting to the Website's complete ADA compliance. Court's have deemed such declarations to be sufficient to demonstrate mootness warranting dismissal of a complaint. *See Guglielmo* (Ex. A); *see also, Diaz*, 2019 U.S. Dist. LEXIS 93177 at *7-12.

Because it is clear from the face of Plaintiff's Complaint that Plaintiff has not, and cannot, establish personal jurisdiction or standing, and because the Complaint's allegations have been rendered moot, U.S. Wings respectfully requests permission to file a motion to dismiss under Fed. R. Civ. P. 12(b) on these bases.

Respectfully submitted,

WADE CLARK MULCAHY LLP
*/s/ Vivian Turetsky*
Vivian Turetsky
*Counsel to Defendant U.S. Wings, Inc.*
cc:  All Counsel of Record via ECF.

---

[1] Plaintiff filed his Complaint in this case, modeled substantially off of the Complaint in *Guglielmo*, the same day the complaint in *Guglielmo* was dismissed.