108-26 64th Avenue, Second Floor
Forest Hills, NY 11375
Tel.: 929.324.0717
E-mail: marskhaimovlaw@gmail.com

# Mars Khaimov Law, PLLC

**March 2, 2021**

<u>VIA ECF</u>
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Jose Quezada v. U.S. Wings, Inc.* Civil Case No.: 1:20-cv-10707

Dear Judge Ramos:

We represent Plaintiff Jose Quezada ("Plaintiff") in the above-referenced matter and respectfully write pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules, in opposition to defendant U.S. Wings., Inc.'s ("Defendant") request for a premotion conference.

Defendant's anticipated motion to dismiss argues that Plaintiff lacks standing and personal jurisdiction and hinges its argument almost exclusively on *Guglielmo v. Nebraska Furniture Mart Inc.*, a factually distinguishable case where defendant actively restricted all New York consumers from transacting business on its website. *Guglielmo v. Neb. Furniture Mart, Inc.*, 2020 U.S. Dist. LEXIS 238707 at *12-13 (S.D.N.Y. Dec. 18, 2020). The Complaint here, however, affirmatively alleges the opposite – namely, that Defendant's website www.uswings.com, permits New York consumers to transact business on the site. ¶¶21-22. The Complaint further alleges that Plaintiff himself attempted to transact business on the Website, but could not complete transactions due to the prohibitive accessibility barriers that discriminated against the blind. ¶24. Further, Defendant's mootness arguments fail as it has not adequately remediated the website and Plaintiff desires to use the website to complete purchases in the future. For this, and the following reasons, a pre-motion conference on Defendant's anticipated motion to dismiss would be futile and a waste of judicial time and resources.

I.     **Personal Jurisdiction.**

As noted above, the Complaint alleges that "www.uswings.com . . .allow[s] all consumers to access [] goods and services…throughout the United States, including New York State. Defendant's Website offers its products and services for online sale and general delivery to the public." ¶¶21-22. This is the essential distinction from the *Guglielmo* case: Defendant actually sells and delivers items sold from their website to New York residents. By contrast, in *Guglielmo*, "Defendant has submitted a declaration from its Director of E-Commerce attesting that, among other things, Defendant's delivery policies make it "'impossible for a new customer residing in New York State, like [Plaintiff]" to make a purchase on the Website.'" *Guglielmo*, 2020 U.S. Dist. LEXIS 238707 at *12.

Hon. Edgardo Ramos
United States District Judge
March 2, 2021
Page 2

      To determine whether the exercise of personal jurisdiction is proper, a court looks at whether there is a basis for personal jurisdiction under the laws of the forum state. *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202 at *7 (S.D.N.Y. Dec. 4, 2019). Here, the relevant inquiry centers on New York's long-arm statute, which provides, in relevant part, that a court may exercise personal jurisdiction "over any non-domiciliary ... who in person or through an agent ... transacts any business within the state," so long as the cause of action "arises from" that transaction. N.Y. C.P.L.R. § 302(a)(1). Accordingly, other courts in this district exercised personal jurisdiction over a non-domiciliary defendant in Americans with Disabilities Act ("ADA") website accessibility cases where two conditions were met: "first, the non-domiciliary must transact business within the state; second, the claims against the non-domiciliary must arise out of that business activity." *Camacho v. Vanderbilt Univ.*, 18 CIV. 10694 (KPF) 2019 U.S. Dist. LEXIS 209202 at *7-8 (S.D.N.Y. Dec. 4, 2019). In this case, both conditions are met: the Complaint sufficiently alleges that Defendant, unlike in *Guglielmo*, is actually conducting business in New York by taking orders from New York residents and shipping products to New York. ¶¶21-22. Further, the Complaint alleges that the violation stems from Defendant's marketing and selling products to New York residents online. ¶¶24; 32. Defendant's first argument has already been brought, litigated, and rejected by SDNY courts in the past and should be rejected again here.

II.      **Standing**

      Plaintiff has standing to sue as the Complaint alleges that Defendant's policies deterred him from using the website to examine and evaluate the numerous goods and services offered therein. ¶¶31-32. A plaintiff who can plead that particular accessibility issues prevented him/her from making an informed consumer choice passes the threshold of stating a claim with the requisite particularity to overcome a motion to dismiss. *See Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163, 169-170 (S.D.N.Y 2020) (citing *Camacho*, 2019 U.S. Dist. LEXIS 09202, at *10); *Juscinska v. Paper Factory Hotel, LLC*, No. 18-CV-8201 (ALC) 2019 U.S. Dist. LEXIS 92550 (S.D.N.Y. June 3, 2019) (plaintiff detailed how the defendant's website lacked accessibility information which would have helped her make an informed booking decision to a hotel). Similarly, Plaintiff has identified numerous specific violations on Defendant's website which prevented him from making an informed decision about whether to purchase goods and services from Defendant. ¶¶24-30. The Second Circuit's reasoning in *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013) is particularly on point. In that case, the court found that plaintiff had standing to sue a diner, despite never having entered the premises, on the basis that plaintiff testified that a specific impediment prevented him from entering and that he would like to frequent the facility if it were accessible. These pleadings were sufficient to show a plausible intention to return and frequent the diner. *Id*. at 188. Plaintiff has met that pleading burden here with the allegations that "Access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past and now deter Plaintiff on a regular basis from visiting the Website, presently and in the future." ¶32. For these reasons, Defendant's standing arguments should be rejected.

Hon. Edgardo Ramos
United States District Judge
March 2, 2021
Page 3

### III.     Mootness

The case is not moot based simply on Defendant's (unsupported) assertions that its website is now ADA compliant. Further, Defendant offers no assurances that it will ***maintain future*** compliance.

The 'voluntary cessation' exception to the mootness doctrine recognizes that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *De La Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 201 (S.D.N.Y. 2016). Voluntary cessation may render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. "Specifically, where noncompliance can result from an easily changeable policy, a court cannot simply say that a defendant has made an affirmative showing that the continuing of their alleged ADA violations is nearly impossible." *Id*. Nor is a plaintiff's claim mooted when a defendant is in the process of updating the accessibility of its website, as an incomplete update does not establish that the alleged wrongful behavior cannot reasonably be expected to occur. *See Markett v. Five Guys Enters. LLC*, No. 17-cv-788 (KBF), 2017 U.S. Dist. LEXIS 115212 at *6 (S.D.N.Y. July 21, 2017).

Here, Defendant has offered no evidence whatsoever that its Website has been brought into substantial compliance, nor by what means the website will be maintained to remain ADA compliant. Instead, it offers only vague conclusions that "[Defendant] took prompt steps to ensure that the Website is fully compliant." This claim is effectively meaningless and must be tested in discovery. Accordingly, Plaintiff's claims are not moot.

### IV.     Conclusion

Because it is clear that Defendant's Motion is based on easily distinguishable cases and inapplicable facts, Defendant has not established that Plaintiff lacks personal jurisdiction or standing. Moreover, Defendant's mootness argument prior to discovery is premature as there still remains a justiciable claim. As such, Defendant's request for a premotion conference, and motion to dismiss, should respectfully be denied.

Very truly yours,
<u>Mars Khaimov</u>
Mars Khaimov.

cc: All Counsel of Record via ECF

